## RANSON DELAND *v.* WM. ALLEN.

Land—Conveyance—Acceptance—Waiver of Defects in Title—Election Warrants.

When a party accepts a conveyance he thereby waives the defects in the title, so far as they may be a defense to the purchase price and elects to stand on the warranty and therefore must show that it will be unavailing.

Fraudulent Representation—Opinion—Quantity—Quality—Value.

The mere expression of opinion, of quantity, quality and value, where the purchaser has an opportunity to judge is not to be deemed either an affirmation amounting to a warranty nor a fraudulent representation.

Title—Slander of—Unliquidated Damage—Set-off—Contract.

The slander of the title of appellant by appellee is a claim for unliquidated damages which cannot be off-set against a claim on contract.

Same—Transfer from Circuit Court to Common Pleas Court, Transfer of
Causes.

The act fixing the commencement of the first term in September
was a public notice to all litigants when and where their suits would be
adjudicated.

January 24, 1868.

APPEAL FROM MEADE CIRCUIT COURT.

OPINION OF THE COURT BY JUDGE WILLIAMS:

Appellee recovered against appellant a judgment for $1,000
on his note given as part purchase price for a tract of land.

Appellant's answer shows that a deed of general warranty had
been made by appellee and accepted by him, and he neither avers
insolvency nor non-residency or the warrantor.

He does allege that a good legal title had not been conveyed to
him, because the land had been sold and conveyed by Slaughter
to Griswold, in October, 1857, who had retained a lien for $3,-
600, and that Griswold had sold and conveyed to Allen in Octo-
ber, 1859, and had retained a lien for $3,000, and that said liens
had not been released of record.

He did not aver that any of said liens are still due and unpaid,
even if he could be alowed to plead them at all, because the liens
are expressly reserved in the respective deeds of conveyance and
were therefore notice to him when he accepted Allen's deed, and
the same may be said as to the alleged unconveyed dower right of
Mrs. Slaughter, for it is well settled that when a party accepts
a conveyance he thereby waives the defects in the title, so far as
they may be defenses to the purchase price and elects to stand
on the warranty, and therefore must show that it will be unavail-
ing.

The legal title passed by the respective deed, encumbered, how-
ever, with the liens therein mentioned, but these may all have been
removed, even if it be conceded he might resist a recovery of un-
paid purchase price by reason thereof.

Appelant also alleges that appellee falsely and fraudulently
represented that there were 200 cords of Tan Bark worth $5 per
cord, but it is evident that it was a mere opinion as to the amount
of Tan Bark that could be gotten from the timber, and was not
such a representation as necessarily to be fraudulent through not

true and one not calculated to influence the purchaser in his judgment, at least there is no averment that the purchaser had no opportunity to judge as to the quantity and depended on the representations of the seller and that it was a material consideration in making the contract. As has been often decided, the mere' expression of opinion of the quantity, quality and value 'where the purchaser has an opportunity to judge is not to be deemed either an affirmation amounting to a warranty nor a fraudulent representation.

Another allegation is that the vendor represented "that' there was nine acres of bearing, grafted fruit trees which would yield many dollars per annum, which was also false." Now whether this is intended to apply to the quantity or quality of the trees, or their annual yield, we cannot tell; an averment of the facts in which the fraudulent representations consisted should have been made.

Another defense as averred is that appellee sold him the farm without reservation,

> "representing and holding out as an inducement that there was a good steam boat landing in front of said premises at all stages of water and that fifty cords of wood was on the place ready to be cut and ricked for consumption by steam boats, and that it is false as to the steam boat landing and that plaintiff claimed and did remove the wood from said farm."

If the wood was really cut and corded it was no part of the realty but personalty and was not included in the sale of the farm unless specially so agreed which is not averred.

The averments as to the steam boat landing are general that he represented that it was a good one in all stages of water which it is averred was false, but in what the false representation consists whether it is because in very big water it so spreads over the banks as to render the landing unfit for use, or because the water is so shallow in low water as to render it useless, is not alleged.

So that none of these matters growing out of or connected with the sale and purchase are averred in apt and legal form so as to present either defense, counter claim or set-off.

The slander of the title of appellant by appellee if made out and

properly set out would be a claim for unliquidated damages which cannot be offset against a claim on contract, but constitutes a cause of action to be enforced by proceedings peculiarly adapted to such. It is in no manner connected with the original cause of action so as to allow it as a counter claim.

As the answer presented no legal cause of defense, the Common Pleas Court correctly refused to set aside the judgment, two days after its rendition by defendant, on the presentation of this answer.

Nor was the motion to set aside the judgment subsequently made because the cause had been transferred from the Circuit to the Common Pleas Court, more availing. The act creating this court fixed the commencement of the first term in September, and directed the clerk to transfer all causes, ordinary, from the Circuit Court to it on the second Monday in August, this public enactment was a public notice to all litigants when and where their suits would be adjudicated, and as binding as if it had directed the Circuit Court at its subsequent term to transfer said causes; a case of peculiar facts and hardship might arise in which a liberal opportunity for a party to present a meritorious defense should be allowed, but this does not fall within that class.

Wherefore the judgment is affirmed with damages.

*Walker, and Larue, for appellant.*

*Coale & Fairleigh, for appellee.*